```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────

JAMES SMITH,
           Plaintiff,

     -against-

HARRISON SCHWEILOCH, et al.,
           Defendants.

MEMORANDUM OPINION AND
ORDER OF SERVICE

12 Civ. 3253 (JGK)

───────────────────────────────

**JOHN G. KOELTL, United States District Judge:**

    The plaintiff, currently incarcerated at the Manhattan Detention Center, filed this Complaint pro se, pursuant to 42 U.S.C. § 1983, arising out of his New York County arrest on August 26, 2009.

I.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) ; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints

should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**II.**

Named as defendants are: New York County Assistant District Attorney ("ADA") Harrison Schweiloch; the plaintiff's assigned criminal defense attorney Sol Schwartzberg; Police Officer ("P.O.") Michael MacDougal; P.O. Sandra Quinones; P.O. James Lamb; P.O. Jose Moronta; P.O. Michael Loughran; Detective ("Det.") Wilfredo Vega; Det. Severino Concordia; Det. Jose Criollo; Det. Desmond Egan; seven John Doe police officers and the City of New York.  The plaintiff alleges that police used excessive force during his arrest, and for twenty-four hours denied him medical treatment for his injuries and heroin withdrawal symptoms, transporting him to Bellevue only after he was coerced into making inculpatory statements.  The plaintiff claims he was hospitalized for nine days due to the severity of his injuries.  The plaintiff further asserts that the defendants falsely arrested him and have conspired to violate his constitutional rights during his criminal proceedings, which are ongoing.  The plaintiff asserts that his attorney has been ineffective and committed malpractice.  According to the plaintiff, New York City is liable because it failed to train

its employees, and these events constitute a policy, custom or practice.

### III.

The plaintiff names as a defendant ADA Schweiloch.  A prosecutor acting within the scope of his duties is entitled to absolute immunity with respect to prosecutorial activities that are "intimately associated with the judicial phase of the criminal process."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  This immunity extends to actions relating to his function as an advocate.  See Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) (a prosecutor is entitled to absolute immunity despite allegations of misconduct); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) ("[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process.  This protection extends to the decision to prosecute as well as the decision not to prosecute." (citations and internal quotation marks omitted)).  The plaintiff does not assert any conduct by ADA Schweiloch that did not arise out of his advocacy role or was outside his jurisdiction.  Rather, the plaintiff explicitly asserts that the prosecutor only became involved in this case after the plaintiff's allegedly false arrest, and the plaintiff's factual allegations with respect to the prosecutor all relate to alleged

misconduct relating to the prosecutor's actions before the grand jury, at a suppression hearing, and at trial. See Complaint, Smith v. Schweiloch, No 12 Civ. 3253 (S.D.N.Y.), Docket No. 2, at 3-C-3-D. The plaintiff's claims against this defendant are, therefore, barred by prosecutorial immunity, and must be dismissed.

## CONCLUSION

The Court dismisses the plaintiff's claims against ADA Schweiloch. The Clerk of Court is directed to issue a Summons as to: Sol Schwartzberg, Esq.; P.O. Michael MacDougal; P.O. Sandra Quinones; P.O. James Lamb; P.O. Jose Moronta; P.O. Michael Loughran; Det. Wilfredo Vega; Det. Severino Concordia; Det. Jose Criollo; Det. Desmond Egan and the City of New York. The plaintiff is directed to serve the Summons and Complaint upon these defendants within 120 days. See Fed. R. Civ. P. 4(m). If service has not been made within the 120 days, and the plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: May 19, 2012
       New York, New York

JOHN G. KOELTL
United States District Judge