**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**JAMES SMITH,**                                   12 Civ. 3253 (JGK)
        Plaintiff,

   -against-                            <u>MEMORANDUM OPINION AND
                                                    ORDER</u>

**HARRISON SCHWEILOCH, et al.,**
        Defendants.
------------------------------------

**JOHN G. KOELTL, United States District Judge:**

    The plaintiff <u>pro se</u> James Smith ("Smith") has moved for reconsideration of the Court's May 22, 2012 Memorandum Opinion and Order of Service, in which the Court dismissed <u>sua sponte</u> the claims against Assistant District Attorney Harrison Schweiloch ("Schweiloch") from this § 1983 action on the grounds of absolute prosecutorial immunity.  See <u>Smith v. Schweiloch</u>, 12 Civ. 3253, 2012 WL 1887124, at *1 (S.D.N.Y. May 22, 2012). Smith moves in the alternative for leave to amend his complaint, or for leave to file an interlocutory appeal in the Court of Appeals for the Second Circuit.

I.

    The standard to be applied to a motion for reconsideration under Local Rule 6.3 is well-established.  It is the same as the standard that was applied under former Local Civil Rule 3(j). <u>See</u> <u>United States v. Letscher</u>, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to

1

demonstrate that "the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court." Id. The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal quotation marks and citation omitted); see also Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313 (S.D.N.Y. 2005), aff'd, Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Vincent, 2011 WL 5977812, at *1.

## II.

A prosecutor acting within the scope of his duties is entitled to absolute immunity with respect to prosecutorial activities that are "intimately associated with the judicial phase of the criminal process." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  This immunity extends to actions relating to his

function as an advocate.  See Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) (a prosecutor is entitled to absolute immunity despite allegations of misconduct); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) ("[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process.  This protection extends to the decision to prosecute as well as the decision not to prosecute." (citations and internal quotation marks omitted)).

In its previous Memorandum Opinion, the Court found that "[t]he plaintiff does not assert any conduct by ADA Schweiloch that did not arise out of his advocacy role or was outside his jurisdiction.  Rather, the plaintiff explicitly asserts that the prosecutor only became involved in this case after the plaintiff's allegedly false arrest, and the plaintiff's factual allegations with respect to the prosecutor all relate to alleged misconduct relating to the prosecutor's actions before the grand jury, at a suppression hearing, and at trial."  See Schweiloch, 2012 WL 1887124, at *1.

Smith now argues that the first violation of his constitutional rights for which he seeks to hold Schweiloch liable occurred at "approx. 8:30 p.m. on 8/26/09, when [Smith] sustained serious physical injury at [the] hands of said Police Defendants in question, purportedly while Resisting Arrest."

3

Notice of Motion, Smith v. Schweiloch, No. 12 Civ. 3253, ECF No. 9 (S.D.N.Y. May 31, 2012) ("Pl.'s Mot."), at 6.  Smith argues that the advocacy phase began at 10:30 p.m. the next day, when he represents that a felony complaint was filed.  Id.  Smith argues that Schweiloch was in constant contact with the Police during the period between his arrest on the 26th, and the filing of the complaint on the 27th, and that during that period Schweiloch directed the plaintiff's unlawful detention and interrogation on the subject of eight burglaries other than the burglary for which Smith had been arrested.  Id. at 5.

"[P]rosecutorial immunity extends to actions involving potential, as well as actual litigation," and there is no "bright line commencement-of-proceedings test."  Barbera v. Smith, 836 F.2d 96, 100 (2d Cir. 1987).  Rather, "a prosecutor's function depends chiefly on whether there is pending or in preparation a court proceeding in which the prosecutor acts as an advocate."  Warney v. Monroe Cnty., 587 F.3d 113, 123 (2d Cir. 2009).  The Court of Appeals for the Second Circuit has explained that, with respect to "the pre-litigation function that a prosecutor performs," a prosecutor's "supervision of and interaction with law enforcement agencies in acquiring evidence which might be used in a prosecution" are not covered by absolute immunity, because they are "actions that are of a police nature."  Barbera, 836 F.2d 96, 100.

Smith alleges that, during the 22 hour period between his arrest and the filing of the felony complaint, Schweiloch was acting in an investigative capacity because he was "actively and personally ordering and directing" Smith's allegedly unlawful detention and interrogation by the police, which included questioning about burglaries other than the one for which he was arrested.  See Pl.'s Mot. at 4-5.[1]

Conclusory allegations that a prosecutor acted in an investigative fashion by directing allegedly unconstitutional police conduct are insufficient to state a claim.  See, e.g., Hays v. Clark County, Nevada, No. 07 Civ. 1395, 2009 WL 2177237, at *2 (D. Nev. July 22, 2009) ("That the plaintiffs may not rely upon mere labels and conclusions is critical in this matter because, as the plaintiffs have alleged and must concede, Moreo prosecuted Robert.  The plaintiffs cannot rely solely upon allegations that are consistent with a claim arising from non-prosecutorial conduct.") (denying motion for reconsideration); cf. Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (conclusory

---

[1] Smith also asserts that Schweiloch was involved in investigating Smith for at least one month before Smith's arrest.  Pl.'s Mot. at 3.  Such conduct might not be covered by absolute immunity.  See, e.g., Tabaei v. New York City Health and Hospitals Corp., No. 11 Civ. 2013, 2011 WL 6778500, at *2-*3 (S.D.N.Y. Dec. 21, 2011).  However, Smith does not appear to assert any § 1983 claims that stem from this pre-arrest investigation, as opposed to his arrest and the period thereafter.

allegations of supervisory liability were "not entitled to the assumption of truth"). Smith's allegation that Schweiloch "actively and personally order[ed] and direct[ed]" police conduct that might otherwise be considered investigative, standing alone is not a plausible allegation that Schweiloch was acting in an investigative capacity. Smith has failed to plead any factual allegations stating a plausible claim that the prosecutor was involved in the investigation of any offense rather than the preparation of a case for prosecution.

The motion for reconsideration is therefore **denied**.

### III.

Smith also seeks leave to amend his complaint. Smith has the opportunity to amend his complaint once as of right "within 21 days after serving it." See Fed. R. Civ. P. 15(a)(1)(A). The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint. The motion for leave to amend is therefore **denied as moot**.

However, Smith is advised that, if he cannot state specific facts that state a plausible claim that Schweiloch deprived him of a constitutional right while he was acting in an investigative capacity, his claims against Schweiloch may be dismissed again.

To the extent that specific evidence is uncovered at a later phase in this case that indicates that Schweiloch took specific actions, in an investigative rather than advocacy role, that deprived Smith of a constitutional right, Smith could seek leave to amend at that time.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Smith also seeks leave to file an interlocutory appeal.  Pursuant to 28 U.S.C. § 1292(b), a district court should certify an order for interlocutory review if the order (1) "involves a controlling question of law," (2) there exists "substantial ground for difference of opinion," and (3) an immediate appeal may advance the termination of the case.  Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).  "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion."  King County, Wash. v. IKB Deutsche Industriebank AG, Nos. 09 Civ. 8387 & 08 Civ. 7508, 2012 WL 2148894, at *2 (S.D.N.Y. June 7, 2012).

The Court will not exercise its discretion to grant an interlocutory appeal in this case.  The question of whether Schweiloch's dismissal is proper can be reviewed once there is a final judgment in this case.  Further, Smith has the opportunity

7

to amend his complaint to allege factual allegations, if there be any, to support a claim that is not barred by absolute immunity.  An interlocutory appeal would not advance this litigation and there is no basis to believe that the Court's decision raises a substantial ground for a difference of opinion.

Nor is interlocutory appeal required because the legal issue deals with absolute immunity.  When a district court <u>denies</u> a motion to dismiss on the basis of absolute immunity, that denial may be subject to interlocutory appeal.  <u>See, e.g.</u>, <u>Smith v. Reagan</u>, 841 F.2d 28, 30 (2d Cir. 1988).  There is no case that holds that interlocutory review is available where a Court dismisses a claim on the basis of absolute prosecutorial immunity and there is no final judgment.  The rationale for interlocutory review of a decision denying an absolute immunity defense is that "the essence of the immunity is the possessor's right not to be haled into court—a right that cannot be vindicated after trial."  <u>Id.</u> (internal quotation marks and citation omitted).  By contrast, Smith's right to relief with respect to his claims against Schweiloch may be vindicated by appellate review after the entry of final judgment.  Smith's request that the Court certify its previous Memorandum Opinion and Order of Service for interlocutory review is therefore **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

Smith's motion to for reconsideration is **denied**. Smith's motion for leave to amend his complaint is **denied as moot**. Smith's motion to certify the Court's previous Order for interlocutory appeal is **denied**.

**The Clerk is directed to close Docket No. 9.**

SO ORDERED.

Dated: June 15, 2012
      New York, New York

                                  JOHN G. KOELTL
                            United States District Judge